**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Lee BUCHANAN II,**
**Defendant–Appellant.**

**No. 99–2156.**

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.[*]

### ORDER

Martin Buchanan II appeals his judgment of conviction and sentence entered on his plea of guilty to conspiracy to possess with intent to distribute and to distributing a controlled substance (heroin) in violation of 21 U.S.C. § 841(a)(1) and § 846. The district court granted the government's motion for a downward departure filed pursuant to USSG § 5K1.1 and sentenced Buchanan to fifteen years of imprisonment and ten years of supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In this timely appeal, Buchanan's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Buchanan has not responded to his counsel's motion to withdraw despite being informed of his opportunity to do so.

Upon review, we conclude that Buchanan entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

470

consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court carefully reviewed with Buchanan the provisions of the plea agreement, the rights he was waiving, and the maximum penalty he faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of his rights and potential penalties, Buchanan expressly acknowledged his guilt. The record also reflects that Buchanan understood the rights that he was waiving, and that he understood the potential penalty associated with his crime. Buchanan acknowledged at his guilty plea hearing that no additional promises had been made other than those expressly set forth in the plea agreement. Thus, the district court properly accepted Buchanan's guilty plea.

The district court also properly sentenced Buchanan as contemplated by the parties in their plea agreement.

We have further examined the record in this case, including the transcripts of Buchanan's guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.